IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SARAH A. MCPHERSON,

        Plaintiff,

v.

        Case No. 1:15-cv-01137-JDT-egb

MICHELLE KWOK-LEE, *et al.*,

        Defendants.

**REPORT AND RECOMMENDATION**

Presently before this Magistrate Judge[1] is the Complaint of the *pro se* Plaintiff Sarah A. McPherson against Michelle Kwok-Lee, the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, and Texas attorney Ronald Palmer.

Relevant Background

On June 3, 2015, the *pro se* Plaintiff Sarah A. McPherson filed her lawsuit on the standard legal form titled Complaint for Violation of Civil Rights under 42 U.S.C. § 1983. In

---

[1] This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

specific response to a question on this form regarding previous lawsuits she had filed, the Plaintiff answered "no."

However, a review of the pleadings shows that this instant action deals with the same facts that were found in previous lawsuits filed by the Plaintiff in this Court. In fact, on April 1, 2015, this Court Ordered that should

> Plaintiff submit[] any new complaint to the Clerk for filing, the Clerk shall file the complaint but shall immediately submit it, along with any supporting documents, to the assigned Magistrate Judge for review to determine whether it violates the filing restrictions. If the Magistrate Judge concludes the complaint violates the filing restrictions, a recommendation for the case to be summarily dismissed should be promptly entered without waiting for process to be served, notwithstanding the provisions of Local Rule 4.1(b)(1).

(McPherson v. Doll, et al., 14-1338, D.E. 22, 4/1/2015)

The filing restrictions were imposed in the *McPherson v. Litman et al* case (1:09-cv-01214-JDB-egb) decided November 30, 2009 wherein District Court Judge J. Daniel Breen ordered that Plaintiff McPherson shall not file any other case in federal court in which she seeks to assert a claim concerning the patents at issue in case numbers 09-1130, 09-1164, 09-1191, or 09-1214; or concerning the legal services provided by any named defendant in the 09-1214 case or by attorneys Lester L. Hewitt, Paul E. Krieger, Charles C. Garvey, or John R. Wenzel, concerning those patents.

The Court provided that Plaintiff was not prevented from filing lawsuits <u>wholly unrelated</u> to the patents at issue in these particular cases or concerning legal services by the named lawyers.

On April 2, 2010, U.S. District Judge James D. Todd reaffirmed these restrictions imposed upon the Plaintiff. *See McPherson v. Doll et al*, 09-1191 [D.E. 8].

The undersigned finds the instant Complaint is essentially the same complaint that was repeatedly dismissed in 2009 and 2014 by the Court. The addition of a new Party, Mr. Palmer, does not change the fact that this Complaint is about the same patent and process that were previously dismissed and in which filing restrictions were imposed upon the Plaintiff.

## Report and Recommendation

This Court recommends the U.S. District Court *sua sponte* dismiss this case, which was filed in violation of the same orders of the District Court[2].

Furthermore, this Magistrate Judge recommends the Plaintiff be fined an amount the District Court deems appropriate for her continued violations of the orders of this Court.

---

[2] *See* McPherson v. Doll, et al., 14-1338, D.E. 22, 4/1/2015

3

Finally, the undersigned recommends that the Plaintiff be prohibited from filing any new case in this Court without leave of the Court. In the interest of economy, it is further recommended that the Court Clerk not accept any new case filings from the Plaintiff without written permission from the Court stating that the new filing(s) do not violate the Court's previous orders.

Respectfully Submitted this 4th day of June, 2015.

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**