IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SARAH A. McPHERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-1137-JDT-egb |
| | ) | |
| MICHELLE KWOK-LEE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
FOR *SUA SPONTE* DISMISSAL
ORDER IMPOSING SANCTION OF $500
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
NOTICE OF APPELLATE FILING FEE
AND
ORDER REAFFIRMING RESTRICTIONS
ON PLAINTIFF'S FILING PRIVILEGES

On June 4, 2015, Magistrate Judge Edward G. Bryant issued a report and recommendation [DE# 7] that the *pro se* complaint that was filed in this matter be dismissed for failure to abide by the previous orders of this court. Specifically, Plaintiff has been ordered not to file any new lawsuits concerning the same set of facts as her previous lawsuits. See McPherson v. Litman, 1:09-cv-01214-JDB-egb (November 30, 2009) (Plaintiff shall not file any other case in federal court in which she seeks to assert a claim concerning the patents at issue in case numbers 09-1130, 09-1164, 09-1191, or 09-1214 or concerning the legal services provided by any named defendant in the 09-1214 case or by attorneys Lester L.

Hewitt, Paul E. Krieger, Charles C. Garvey, or John R. Wenzel) and McPherson v. Doll, 1:09-cv-01191-JDT-egb (April 2, 2010) (reaffirming filing restrictions). In his report and recommendation, Magistrate Judge Bryant has determined that the present lawsuit is essentially the same one previously dismissed and the subject of the prior orders. Magistrate Judge Bryant has also recommended that Plaintiff be sanctioned.

No timely objection has been filed. Consequently, the report and recommendation for *sua sponte* dismissal of this matter is ADOPTED, and the case is hereby DISMISSED.

Plaintiff has previously been warned that continuing to violate the orders restricting her filing privileges would lead to sanctions, including a monetary fine, and she has indeed been sanctioned. See McPherson v. Loffler, 1:10-cv-01036-JDB-egb (April 8, 2010). Because Plaintiff continues to attempt to circumvent the filing restrictions, the court IMPOSES a sanction of $500.

PLAINTIFF MAY NOT FILE ANY NEW LAWSUIT IN THIS DISTRICT UNTIL THE SANCTION HAS BEEN PAID. IF PLAINTIFF FILES A SUIT IN ANOTHER COURT THAT IS TRANSFERRED OR REMOVED TO THIS COURT BEFORE THE SANCTION HAS BEEN PAID, THAT SUIT WILL BE DISMISSED.

The court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. The Sixth Circuit Court of Appeals requires that all district courts in this Circuit determine, in all cases when the appellant seeks to proceed *in forma pauperis*, whether the appeal is frivolous. Floyd v. United States Postal Serv., 105 F.3d 274, 277 (6th Cir. 1997). Twenty-eight U.S.C. § 1915(a)(3) provides that

"[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the litigant must file her motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. Id. at 445-46. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint for want of subject-matter jurisdiction also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and she may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. If Plaintiff files a notice of appeal, she must also pay the full appellate filing fee or file a motion to

proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

The Clerk is DIRECTED not to accept for filing in this closed case any documents submitted by Plaintiff except for a notice of appeal.

Finally, the Court REAFFIRMS the restrictions on Plaintiff's filing privileges as previously imposed in McPherson v. Litman, et al., 1:09-01214-JDB-egb (W.D. Tenn.)

The Clerk is DIRECTED to enter judgment accordingly.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE